IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMICO T. LEE-WILLIAMS, | CASE NO. 4:21-cv-370 |
| Petitioner, | DISTRICT JUDGE<br>J. PHILIP CALABRESE |
| vs. | |
| LASHANN EPPINGER, *Warden*, | MAGISTRATE JUDGE<br>JAMES E. GRIMES JR. |
| Respondent. | |
| | **REPORT &<br>RECOMMENDATION** |

Pro se Petitioner Demico T. Lee-Williams filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Lee-Williams is in custody at the Trumbull Correctional Institute due to journal entries of sentence in the cases *State v. Williams*, Cuyahoga County Court of Common Pleas, Case Nos. CR-17-613909, CR-17-614036, and CR-17-614194.[1] This matter has been referred to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be denied.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28

---

[1] The trial court's case captions list Lee-Williams's name as "Demico T. Lee Williams," "Demico Toray Lee Williams," and "Demico Williams." *See, e.g.*, Doc. 8-1, at 24, 26, 28. I use "Lee-Williams," the surname Lee-Williams used in his petition.

U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Eighth Appellate District summarized Lee-Williams's plea agreement and sentences as follows:[2]

> {¶6} … In this case, there was an agreement to a sentence of 10 to 15 years. Williams pleaded guilty to four second-degree felony counts of robbery, four first-degree felony counts of kidnapping, and one fourth-degree felony count of receiving stolen property. There were also mandatory one-year firearm specifications attached to three of the four robbery counts. The statutory maximum prison sentences under R.C. 2929.14(A) for felonies of the first, second, and fourth degrees are 11, 8, and 1½ years respectively. If sentenced on each robbery count plus the three mandatory one-year firearm specifications, each kidnapping count, and the receiving stolen property count, the trial [court] could have statutorily sentenced Williams to 80½ years' imprisonment. The trial court imposed an aggregate sentence of 15 years, per the recommended sentence of 10 to 15 years' imprisonment between Williams and the state.

*State v. Williams*, No. 108724, 2020 WL 4219711, at *2 (Ohio Ct. App. July 23, 2020).

**Procedural background**

1. *Trial court proceedings*

In February 2017, a Cuyahoga County Grand Jury indicted Lee-Williams on one count of aggravated robbery with firearm specifications for

---

[2] Because Lee-Williams pleaded guilty, the Ohio court of appeals did not recite the facts that gave rise to the charges against him.

acts allegedly committed at Reddi's Pizza. Doc. 8-1, at 3 (Exhibit 1, Case No. CR-17-613909).

Two weeks later, the grand jury issued 2 more indictments charging Lee-Williams. In Case No. CR-17-614036, the grand jury charged Lee-Williams with one count of aggravated robbery with firearm specifications, 4 counts of robbery with firearm specifications, 5 counts of kidnapping with firearm specifications, and one count of theft, all for acts allegedly committed against 5 people at a Papa John's restaurant. Doc. 8-1, at 4–13 (Exhibit 2). And in Case No. CR-17-614194, the grand jury charged Lee-Williams with one count of aggravated robbery with firearm specifications, 4 counts of robbery with firearm specifications, 2 counts of kidnapping with firearm specifications, and one count of receiving stolen property, all for acts allegedly committed against 2 people at a Subway restaurant. *Id.* at 14–20. Lee-Williams was appointed counsel and pleaded not guilty to all the charges. *Id.* at 21 (Exhibit 4);148 (Exhibit 23) 151 (Exhibit 24).

On July 25, 2018, under a plea agreement covering all 3 cases, Lee-Williams pleaded guilty to 4 counts of robbery. Doc. 8-1, at 24–28, 100. Three of the robbery counts contained one-year firearm specifications. *Id*. He also pleaded guilty to 4 counts of kidnapping and one count of receiving stolen property. *Id.* at 26–28. The remaining counts were "amended by deletion." *Id.* at 24–28. In the *Reddi's Pizza* case, the trial court sentenced Lee-Williams to 4 years in prison. *Id.* at 24. In the *Papa John's* case, the court merged various

counts and sentenced Lee-Williams to 9 years in prison. *Id.* at 26. And in the *Subway* case, the court merged various counts and sentenced Lee-Williams to 10 years in prison. *Id.* at 28. In all 3 cases, the court ran some sentences consecutive to others for a total of 15 years in prison. *Id.* at 28.

    2.    *Post-conviction motion*

On February 1, 2019, Lee-Williams filed in the trial court a pro se post-conviction "motion to have sentences run concurrent." Doc. 8-1, at 140–41 (Exhibit 20). Among other things, Lee-Williams alleged that trial counsel was ineffective, the trial court was biased, and Lee-Williams's speedy trial rights were violated. *Id.* On February 13, 2019, the trial court denied Lee-Williams's motion. *Id.* at 140 (Exhibit 21). Lee-Williams did not appeal.

    3.    *Motion for delayed direct appeal*

On June 25, 2019, Lee-Williams filed in the Ohio court of appeals a pro se notice of appeal and a motion for delayed direct appeal. Doc. 8-1, at 30, 38 (Exhibits 8, 9). In his motion, Lee-Williams explained that he thought his court-appointed counsel was going to file an appeal on Lee-Williams's behalf, but that Lee-Williams recently discovered that an appeal was never filed. *Id.* at 41. The Ohio court of appeals granted Lee-Williams's motion for delayed appeal and appointed counsel. *Id.* at 45 (Exhibit 10).

In October 2019, Lee-Williams's appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), explaining that counsel believed that there were no non-frivolous issues to raise in Lee-Williams's appeal. Doc. 8-1,

4

at 54 (Exhibit 11). The court permitted Lee-Williams to file a pro se merits brief. *Id.* at 55 (Exhibit 12). In his pro se brief, Lee-Williams raised the following assignments of error:

> 1. Defendant-Appellant Demico T. Lee Williams' due process and constitutional rights were violated when the trial court sentenced Williams to a term of imprisonment contrary to law where the record is insufficient to establish factual support for a sentence of consecutive terms of imprisonment.
>
> 2. Appellant Williams was denied effective assistance of counsel in violation of Admendments VI and XIV, of the United States Constitution and Article I, Section 10, Ohio Constitution.[3]

*Id.* at 57 (Exhibit 13). The state filed a response and Lee-Williams filed a reply. *Id.* at 77, 89 (Exhibits 14, 15). In July 2020, the Ohio court of appeals affirmed the trial court's judgment. *Id.* at 99–107 (Exhibit 16).

In August 2020, Lee-Williams appealed to the Ohio Supreme Court, raising the same 2 issues. Doc. 8-1, at 108, 112. On October 27, 2020, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Lee-Williams's appeal. *Id.* at 139 (Exhibit 19).

*4.     Federal habeas corpus petition*

On February 5, 2021, Lee-Williams filed a federal habeas corpus petition under 28 U.S.C. § 2254.[4] Doc. 1. He raised the following grounds for relief:

---

[3]     Throughout this report and recommendation, Lee-Williams's claims are reproduced as written and have not been edited.

[4]     A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Lee-Williams states that he placed his Petition in the prison mailing system on February 5, 2021. Doc. 1, at 15. Warden Eppinger does not argue that Lee-Williams failed to comply with

**Ground 1**: Petitioner Demico T. Lee Williams' Due Process and constitutional Rights were violated when the trial court sentenced Williams to a term of imprisonment contrary to law where the record is insufficient to Establish factual support for a sentence of consecutive terms of Imprisonment.

**Ground 2**: Petitioner Demico T. Lee-Williams was Denied Effective Assistance of counsel in violation of admendments VI and XIV of The United States Constitution and article 1 section 10 of the Ohio Constitution.

Doc. 1, at 5, 7; Doc. 1-2, at 1–2. The Warden filed a Return of Writ. Doc. 8. Lee-Williams did not file a traverse and the time to do so has passed.

**Law and Analysis**

*1.     Lee-Williams's Petition is not time-barred*

The Warden argues that Lee-Williams's petition is barred by the statute of limitations and that Lee-Williams is not entitled to tolling principles to excuse the time bar. Doc. 8, at 9–15.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in

---

the requirements necessary to invoke the prison mailbox rule. *See* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts; *see also* Doc. 1, at 15. Instead, the Warden asserts that Lee-Williams placed his petition in his prison's mailing system on February 5, 2021, and that his petition "is deemed filed as of [that] date." Doc. 8, at 7.

6

a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Warden asserts that under section 2244(d)(1)(A), Lee-Williams's petition is time-barred. Doc. 8, at 10. The Warden argues that Lee-Williams's conviction became final on August 24, 2018. *Id*. This is so, the Warden contends, because the trial court issued its judgment entry of sentence on July 25, 2018; Lee-Williams had 30 days to appeal; and Lee-Williams did not appeal. *Id*. So, the Warden's logic goes, the limitations period started running the day after Lee-Williams's appeal was due—August 25, 2018. *Id*. The Warden states that Lee-Williams's June 2019 motion for delayed direct appeal doesn't change the limitations period's start date. *Id*. at 11. In support, the Warden cites cases

7

in which the Ohio court of appeals denied a petitioner's motion for delayed direct appeal. *Id.* at 10–11.

But that is not what happened here. On June 25, 2019, Lee-Williams filed in the Ohio court of appeals a motion for delayed direct appeal, which the Ohio court of appeals granted. Doc. 8-1, at 38, 45. When the Ohio court of appeals granted Lee-Williams's motion for direct delayed appeal, it restored Lee-Williams's direct appeal. So Lee-Williams's conviction was not yet *final* under 28 U.S.C. § 2244(d)(1)(A) at that time. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) ("where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)"); *see also Lung v. Warden, Chillicothe Corr. Inst.*, No. 1:14-cv-149, 2015 WL 539430, at *2 (S.D. Ohio Feb. 9, 2015) (when the Ohio court of appeals granted the petitioner's motion for delayed direct appeal, it "restored the pendency of his appeal, thereby rendering his conviction non-final under § 2244(d)(1)(A) at that time").[5]

In July 2020, the Ohio court of appeals affirmed the trial court's judgment. Doc. 8-1, at 99–107. Lee-Williams timely appealed to the Ohio Supreme Court. *Id.*, at 108, 112. On October 27, 2020, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Lee-

---

[5] Report and recommendation adopted, No. 1:14-cv-149, 2015 WL 1020303 (S.D. Ohio Mar. 9, 2015).

8

Williams's appeal. *Id.* at 139. Lee-Williams's conviction was *final*—and the limitations period began to run—90 days later, after the time for filing in the United States Supreme Court a petition for a writ of certiorari for direct review expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). So the limitations period began to run at the end of January 2021, and Lee-Williams's petition—filed February 5, 2021—is well within the statutory time period.

    2.    *Lee-Williams's Petition should be denied*

In the alternative, the Warden argues that Ground 1 is not cognizable and fails on the merits and that Ground 2 fails on the merits. Doc. 8, at 15–28.

To obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). 28 U.S.C. § 2254(d).

Under the *contrary to* clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the *unreasonable application* clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from

9

th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, and legal principles and standards flowing from Supreme Court precedent. *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted *contrary to*, or *unreasonably applied*, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *see White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.").

In determining whether the state court's decision involved an *unreasonable application* of law, the court uses an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*,

10

562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

> ### 2.1  A portion of Ground 1 is not cognizable and the remainder fails on the merits

In Ground 1, Lee-Williams argues that his due process rights were violated when the trial court sentenced him to consecutive sentences. Doc. 1, at 5. He alleges that the trial court sentenced him to "above the minimum/medium prison terms" without "accurate and appropriate information." Doc. 1-2, at 1. He complains that the court relied on "unsubstantial fact[s] presented by the state and presentence investigative report" and misapplied Ohio Revised Code § 2929.11 through § 2929.14. *Id*. at 1–2.

The portion of Ground 1 that challenges Lee-Williams's consecutive sentences is not cognizable because Lee-Williams objects to the trial court's application of Ohio sentencing laws. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *see Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (an alleged violation of state sentencing laws is not cognizable on federal habeas review) (citing *Pulley v. Harris*, 465 U.S.

11

37, 41 (1984)). And Lee-Williams has not shown that his sentencing claim implicates federal constitutional concerns. *See Oregon v. Ice*, 555 U.S. 160, 171 (2009) (state trial courts' imposition of consecutive sentences does not implicate federal constitutional concerns).

As the Ohio court of appeals explained:

{¶5} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16.

> R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

*State v. Henderson*, 8th Dist. Cuyahoga Nos. 106340 and 107334, 2018-Ohio-3168, ¶ 15.

*B. Whether the Trial Court Erred in Sentencing the Appellant to Consecutive Sentences*

{¶6} Before reaching the assignments of error, we must first determine the reviewability of the sentence imposed in Williams's case. *See State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 11 (8th Dist.). In this case, there was an agreement to a sentence of 10 to 15 years. Williams pleaded guilty to four second-degree felony counts of robbery, four first-degree felony counts of kidnapping, and one fourth-degree felony count of receiving stolen property. There were also mandatory one-year firearm specifications attached to three of the four robbery counts. The statutory maximum prison sentences under R.C. 2929.14(A) for felonies of the first, second, and fourth degrees are 11, 8, and 1½ years respectively. If sentenced on each robbery count plus the three mandatory one-year firearm specifications, each kidnapping count, and the receiving stolen property count, the trial [court] could have statutorily sentenced Williams to 80½ years' imprisonment. The trial court imposed an aggregate

sentence of 15 years, per the recommended sentence of 10 to 15 years' imprisonment between Williams and the state.

{¶7} R.C. 2953.08(D)(1) limits our ability to review an agreed sentence. R.C. 2953.08(D)(1) states:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶8} The initial question we must answer is whether an agreement to a sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence for purposes of R.C. 2953.08(D)(1). Williams and the state agreed to a jointly recommended sentencing range of 10 to 15 years imprisonment. (Tr. 7.) The trial court sentenced Williams to 15 years' imprisonment. (Tr. 25.) Williams, in his pro se brief, argues that the trial court's sentence is contrary to law because the record does not reflect that the trial court made the statutory findings mandated for consecutive sentences. However, "a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1)." *Grant* at ¶ 29.

{¶9} Additionally, it does not matter if the jointly recommended sentence is a range or a specific term. *Grant*, 2018-Ohio-1759, 111 N.E.3d 791, at ¶ 19. The sentence is not reviewable. *Id.*

> Other districts agree. So long as the sentence imposed within a jointly recommended sentencing range is authorized by law, the sentence is not reviewable on appeal. R.C. 2953.08(D)(1). *See State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 10; *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4; *State v. James*, 8th Dist. Cuyahoga Nos. 104006 and 104169, 2016-Ohio-7889, ¶ 9; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, ¶ 7-9 (all finding sentence imposed within a jointly recommended sentencing

13

> range that was authorized by law was not subject to
> review on appeal).
>
> *Id.*
>
> {¶10} Williams's sentence on each count was within the statutory range. (Tr. 24-25.) "It follows that a sentence that is within the authorized statutory ranges for the offenses and comports with all mandatory sentencing provisions is authorized by law." *Id.* at ¶ 23. Additionally, whether Williams "agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial." *Id.* "A sentence that is authorized by law and imposed within a jointly recommended sentencing range is not subject to appellate review." *Id.*
>
> {¶11} This court has also held that "when a trial judge imposes nonmandatory consecutive sentences within a jointly recommended sentencing range, the sentence is 'authorized by law' and is not subject to review on appeal pursuant to R.C. 2953.08(D)(1), regardless of any express agreement to consecutive sentences." *Id.* at ¶ 24. Therefore, we find that Williams's sentence is not subject to review, and is not contrary to law.
>
> {¶12} Williams's first assignment of error is overruled.

*Williams*, 2020 WL 4219711, at *1–3. The state court's interpretation of Ohio law is binding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle*, 502 U.S. at 67–68, and *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

The remainder of Ground 1—Lee-Williams's claim that the trial court sentenced him without "accurate and appropriate information," Doc. 1-2, at 1–2—fails on the merits. Lee-Williams provides nothing to support his assertion. Given this failure and the facts that (1) his convictions alone made Lee-Williams eligible for an aggregate sentence in excess of 80 years, and (2) his sentence fell within the range that he and the State agreed to recommend, it is apparent that Lee-Williams cannot show that the Ohio court of appeals'

14

decision was contrary to Supreme Court precedent, 28 U.S.C. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C. § 2254(d)(2).

### 2.2 Ground 2 fails on the merits

In Ground 2, Lee-Williams argues that trial counsel was ineffective when counsel advised Lee-Williams to enter into a plea agreement without "subject[ing] the prosecutor's case to meaningful adversarial testing." Doc. 1-2, at 2–4.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel in the context of guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (6th Cir. 1985). A petitioner must show that counsel's representation fell below an objective standard of reasonableness and "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. On federal habeas review, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. *See also Woods v. Donald*, 575 U.S. 312, 316–17 (2015) (federal habeas court's review of ineffective assistance of counsel claims are "'doubly deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt") (citation and internal quotation marks omitted).

The Ohio court of appeals considered Lee-Williams's claim:

> {¶13} To establish a claim for ineffective assistance of counsel, Williams must show his trial counsel's performance was deficient, and that the

15

deficient performance prejudiced the defense so as to deprive Williams of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, Williams must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

{¶14} In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Id.* at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69. Thus, "[t]rial strategy or tactical decisions cannot form the basis for a claim of ineffective counsel." *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). Additionally, the failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial. *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, ¶ 37.

   B. *Whether the Appellant was Denied Effective Assistance of Counsel*

{¶15} Williams argues that his trial counsel was ineffective because trial counsel advised him to plead guilty, and he received the maximum agreed-upon sentence. A review of the record reveals that Williams was facing a possible more than 200 years[1] in prison if he was convicted on each count and underlying specification and the trial court imposed maximum sentences. Williams and the state agreed they would recommend a sentence of 10 to 15 years' imprisonment. The trial court sentenced Williams to 15 years' imprisonment. In Williams's brief, he argued that his trial counsel was ineffective because his counsel's advice to plead guilty "with so little compensation for his guilty plea" was deficient. Appellant's brief, p. 12. Williams was unhappy that he received the maximum 15 years of the jointly recommended sentence. However, we disagree with Williams's assertion. Williams was facing substantially more time than he received.

> [FN1] Total possible years on Cuyahoga C.P. Nos. CR-17-613909-A, CR-17-614036-A, and CR-17-614194-A is over 200 years.

{¶16} Also, the record demonstrates the trial court initially considered a sentence of 50 years' imprisonment, because the trial court expressed

16

that Williams should not ever be allowed in society and should be locked in a cage. (Tr. 9, 11.) The trial court also admonished the state for agreeing to a deal where Williams would serve less than 20 years' imprisonment. (Tr. 10.)

{¶17} Williams indicated to the trial court that he was satisfied with his trial counsel. (Tr. 14.) There is no indication from the record that Williams's trial counsel was ineffective. Williams argues in his brief that "[t]rial counsel failed to investigate the facts of this case and/or interview any potential witnesses that could have shed light on the factors that lead up to this tragic event and/or could have been alibi witnesses." Appellant's brief, p. 14. However, the record reveals that trial counsel visited Williams three times before the plea hearing, and the record is void regarding any claims of Williams telling counsel of any alibi witnesses or that he had an alibi for the times when the crimes were committed.

{¶18} Additionally, Williams had an opportunity to express his dissatisfaction of the terms of his deal at the plea hearing. As the record demonstrates, Williams received the benefit of the plea deal negotiated by his trial counsel. We find that Williams has not demonstrated that he was prejudiced by trial counsel's performance. In order to reverse Williams's convictions, he must demonstrate that his counsel's performance was deficient, and that deficiency prejudiced him. *State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 14.

{¶ 19} Therefore, Williams's second assignment of error is overruled.

*Williams*, 2020 WL 4219711, at *3–4.

The Ohio court of appeals applied the *Strickland* standard and found that counsel's performance was not ineffective. Lee-Williams has not shown that that finding was unreasonable. Lee-Williams doesn't dispute the Ohio court of appeals' factual finding that he faced 200 years in prison—for crimes against multiple victims in 3 cases—and that the trial court entertained giving him a 50-year sentence and admonished the state for agreeing to a less-than-20-year sentence. *Williams*, 2020 WL 4219711, at *3–4. He doesn't explain how

17

counsel should have obtained for him a plea deal with a better outcome. His assertion that he received "so little compensation for [his] guilty plea," Doc. 1-2, at 3, is belied by the record showing that he faced 200 years in prison, *see Williams*, 2020 WL 4219711, at *3. So Lee-Williams's assertion that counsel was ineffective in the plea-bargaining context fails.

It is not clear whether Lee-Williams is also alleging that counsel's representation caused Lee-Williams's guilty plea to not be knowing and voluntary. *See* Doc. 1-2, at 2–4 (Lee-Williams's description of Ground 2). Lee-Williams's brief to the Ohio court of appeals was similarly vague. *See* Doc. 8-1, at 70–75. Even if I liberally construe Ground 2 to include an ineffective assistance of counsel claim in the context of whether Lee-Williams's plea was knowing and voluntary, this Court still defers to the Ohio court of appeals' decision even if the Ohio court of appeals didn't specifically discuss that aspect of Lee-Williams's claim. *See Harrington*, 562 U.S. at 98 (a federal habeas court still defers to the state court's decision "whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for [28 U.S.C.] § 2254(d) applies when a 'claim,' not a component of one, has been adjudicated").

But any such claim still fails because Lee-Williams's doesn't explain how counsel's performance allegedly caused Lee-Williams's plea to be unknowing or involuntary. He complains that counsel advised him to plead guilty "without adversarial testing," Doc. 1-2, at 2, 4, but doesn't say what adversarial testing

18

counsel should have conducted and how that caused Lee-Williams's plea to be unknowing or involuntary. Lee-Williams doesn't profess his innocence. In short, Lee-Williams has presented nothing—facts, argument, or relevant legal authority—to rebut the presumption that counsel's performance was effective. *See Strickland*, 466, US. at 689. It cannot be said that the Ohio court of appeals' finding "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103. Ground 2 fails on the merits.

**Conclusion**

For the reasons set forth above, I recommend that Lee-Williams's Petition be denied.

Dated: February 13, 2023

                                       */s/ James E. Grimes Jr.*
                                       James E. Grimes Jr.
                                       U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).