UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMICO T. LEE-WILLIAMS, | ) | Case No. 4:21-cv-370 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| LASHANN EPPINGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

# ORDER

In this action seeking a writ of habeas corpus, the Magistrate Judge's Report and Recommendation recommends that the Court dismiss the petition. (ECF No. 9.) In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id.*, PageID #230–35.) In short, Petitioner Demico Lee-Williams pled guilty to four second-degree felony counts of robbery, four first-degree felony counts of kidnapping, and one fourth-degree felony count of receiving stolen property. Three of the four robbery counts included mandatory one-year firearm specifications. As part of his plea, Mr. Lee-Williams agreed to a term of imprisonment between 10 and 15 years, and he received an aggregate term of imprisonment of 15 years. Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*)

Petitioner asserts two grounds for relief: (1) the imposition of consecutive terms of imprisonment violates his due-process rights; and (2) ineffective assistance

of counsel. (ECF No. 1, PageID #5–8.) The Magistrate Judge recommends that the Court deny ground one because part of it is not cognizable (to the extent it challenges the imposition of consecutive sentences) and it otherwise fails on the merits. (ECF No. 9, PageID #240.) Petitioner objects to the Ohio trial court's application of Ohio sentencing laws. As the Magistrate Judge noted, however, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(d); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Further, the Magistrate Judge recommends dismissal of ground one on the merits because Petitioner cannot show that the Ohio court of appeals' decision was contrary to Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. (*Id.*, PageID #243–44.)

With respect ineffective assistance of counsel (ground two), the Magistrate Judge recommends denial of the claim on the merits. (*Id.*, PageID #246–48.) At its conclusion, the Report and Recommendation advises that any objections were due fourteen days after service and notified Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #248.)

The Report and Recommendation was filed on the docket on February 13, 2023 (ECF No. 9) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation

2

results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Later, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation

3

(ECF No. 9) and **DISMISSES** the action **WITH PREJUDICE**. The Court further **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED**.

Dated: March 14, 2023

                      J. Philip Calabrese
                      United States District Judge
                      Northern District of Ohio